# United States Court of Appeals
**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued May 26, 2022
Decided June 3, 2022

**Before**

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 22-1026

| | |
|---|---|
| ABC DIAMONDS INC.,<br>*Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 1:20-cv-07097 |
| HARTFORD CASUALTY INSURANCE CO.,<br>*Defendant-Appellee*. | Gary Feinerman,<br>*Judge*. |

**O R D E R**

After the Governor of Illinois ordered statewide closures in response to the COVID-19 pandemic, many businesses submitted insurance claims for lost income and extra expenses. ABC Diamonds ("ABC"), a jewelry business in Chicago, filed such a claim with its commercial property insurer, Hartford Casualty Insurance Co. ("Hartford"). Hartford denied the claim, and ABC brought this suit in federal court on the basis of diversity jurisdiction. The district court dismissed the operative complaint because ABC failed to plausibly allege "direct physical loss of or physical damage to" property, as required in the policy. Since then, this court has repeatedly held that "direct physical loss" means tangible, physical alteration to property, not merely loss of use. Because our recent decisions control the outcome here, we affirm.

No. 22-1026 Page 2

ABC argues that several provisions in its insurance policy cover losses due to COVID-19 closure orders. First, the "Business Income" provision states:

> We will pay for the actual loss of Business Income you sustain due to the necessary suspension of your "operations" during the "period of restoration". The suspension *must be caused by direct physical loss of or physical damage to property* at the "scheduled premises" ….

(emphasis added). An "Extra Expense" provision further provides:

> We will pay reasonable and necessary Extra Expense you incur during the "period of restoration" that you would not have incurred if there had been no *direct physical loss or physical damage to property* at the "scheduled premises" ….

(emphasis added). Finally, a "Civil Authority" provision covers

> the actual loss of Business Income you sustain when access to your "scheduled premises" is specifically prohibited by order of a civil authority as the direct result of a Covered Cause of Loss to property in the immediate area of your "scheduled premises".

This court reviews the grant of a motion to dismiss for failure to state a claim de novo. *Paradigm Care & Enrichment Ctr., LLC v. W. Bend Mut. Ins. Co.*, 33 F.4th 417, 420 (7th Cir. 2022). The parties agree that Illinois law applies to this diversity suit. "In the absence of Illinois Supreme Court precedent, we must use our best judgment to determine how that court would construe its own law, and we may consider the decisions of the Illinois appellate courts." *Mashallah, Inc. v. W. Bend Mut. Ins. Co.*, 20 F.4th 311, 319 (7th Cir. 2021) (internal quotation marks omitted). Under Illinois law, undefined terms in an insurance policy are given their plain and ordinary meaning. *E. Coast Ent. of Durham, LLC v. Hous. Cas. Co.*, 31 F.4th 547, 550 (7th Cir. 2022). If an insurance policy is unambiguous, we will apply its terms as written. *Id*.

In December 2021, this court joined four other circuits in concluding that mere loss of use due to COVID-19 closures does not constitute "direct physical loss" absent any physical alteration to property. *Sandy Point Dental, P.C. v. Cincinnati Ins. Co.*, 20

No. 22-1026 Page 3

F.4th 327, 329–30 (7th Cir. 2021) (applying Illinois law and collecting cases).[1] The policy provisions at issue in *Sandy Point* are materially identical to ABC's policy. *See id.* at 330–31. Since then, four more circuits have joined this consensus,[2] and two of this court's decisions have reaffirmed *Sandy Point*. *See E. Coast Ent. of Durham*, 31 F.4th at 550–51; *Paradigm Care & Enrichment Ctr.*, 33 F.4th at 421–22. We have also implicitly rejected any purported distinction between policy language covering "physical loss *to* property" and "physical loss *of* property" for purposes of COVID-19 claims. *See Bradley Hotel Corp. v. Aspen Specialty Ins. Co.*, 19 F.4th 1002, 1005 (7th Cir. 2021) (applying *Sandy Point* to a policy covering "direct physical loss of or damage to" property).

The Illinois Supreme Court has yet to weigh in, but several Illinois Appellate Court decisions have held that economic losses from COVID-19 shutdown orders are not direct physical losses. *See Sweet Berry Café, Inc. v. Soc'y Ins.*, ___ N.E.3d ___, 2022 IL App (2d) 210088, ¶ 1 (Mar. 15, 2022) (holding that "neither the presence of the virus at [insured's] premises nor the pandemic-triggered executive orders … constitute 'direct physical loss of or damage to' [insured's] property"); *Lee v. State Farm Fire & Cas. Co.*, ___ N.E.3d ___, 2022 IL App (1st) 210105, ¶ 20 (Mar. 21, 2022) (same); *ABW Dev., LLC v. Cont'l Cas. Co.*, ___ N.E.3d ___, 2022 IL App (1st) 210930, ¶ 30 (Mar. 30, 2022) (same).

Even if ABC was entitled to coverage, the allegations also fail to state a claim because the policy's virus exclusion provision plainly applies. That provision states that Hartford "will not pay for loss or damage caused directly or indirectly by … [the] Presence, growth, proliferation, spread or any activity of … [a] virus." In *Mashallah*, this court held that two similar provisions "clearly and without doubt preclude coverage." 20 F.4th at 320; *see also Lee*, 2022 IL App (1st) 210105, ¶ 22 (citing *Mashallah*, 20 F.4th at 320–21). One of the businesses in *Mashallah* was a jeweler like ABC, and that business similarly had to cease all in-person retail activities because it was "non-essential." *Id.*

---

[1] *Santo's It. Café LLC v. Acuity Ins. Co.*, 15 F.4th 398, 401–03 (6th Cir. 2021) (applying Ohio law); *Oral Surgeons, P.C. v. Cincinnati Ins. Co.*, 2 F.4th 1141, 1144 (8th Cir. 2021) (applying Iowa law); *Mudpie, Inc. v. Travelers Cas. Ins. Co.*, 15 F.4th 885, 892 (9th Cir. 2021) (applying California law); *Gilreath Fam. & Cosm. Dentistry, Inc. v. Cincinnati Ins. Co.*, No. 21-11046, 2021 WL 3870697, at *2 (11th Cir. Aug. 31, 2021) (applying Georgia law).

[2] *Goodwill Indus. of Cent. Okla., Inc. v. Phila. Indem. Ins. Co.*, 21 F.4th 704, 709 (10th Cir. 2021) (applying Oklahoma law); *10012 Holdings, Inc. v. Sentinel Ins. Co., Ltd.*, 21 F.4th 216, 220 (2d Cir. 2021) (applying New York law); *Terry Black's Barbecue, L.L.C. v. State Auto. Mut. Ins. Co.*, 22 F.4th 450, 455 (5th Cir. 2022) (applying Texas law); *Uncork & Create LLC v. Cincinnati Ins. Co.*, 27 F.4th 926, 933–34 (4th Cir. 2022) (applying West Virginia Law).

No. 22-1026 Page 4

at 318. We do not see any basis for distinguishing *Mashallah*.

AFFIRMED

CERTIFIED COPY
A True Copy
Teste:
Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit